Brevard, J.
I hold the same opinion as my brother Trezevant, and for the reasons he has assigned, in regard to the first objection. With respect to the other objection, as I think the grand jury were authorized to amend the bill at any time, provided'it was before the *172 Pr’soner pleaded, and before they were discharged ; and the amendment may be considered to be their act, and made at that court when the bill was before them; and as I incline to think that the amen(lmen!; ought to be considered sufficient to shew, that the bill was found upon oath, and to be the amendment of the grand jury j and as I think, too, that the words, “ upon their oaths aforesaid,” in the second count, may be taken and construed with a reference to the amendment, making it still more certain that the bill was found by the jury upon their oaths ; therefore, I am of opinion that the motion should be overruled.
I rather incline to this opinion on account of -the difficulty I fee1! in subscribing to the doctrine said to be established by the deter, mination of the court in the case of the State v. Johnston, which J have never heard of till very lately, and have had no opportunity |o consider. It does not appear to me, that because the caption is ho part of the indictment itself, being only the style or preamble ; and because it may be amended, on motion, so as to make it agres with the original record at any time during the term at which it is found; that, therefore, a material error in the caption is not a fatal objection in arrest of judgment. See King v. Fearnley, 1 T. R. 316.
Grimke, J.
After stating the case, and. remarking that J ohnsok, J., who presided at the trial, had corrected the statement of the prisoner’s counsel, by mentioning that the insertion of the words in the margin of the indictment, was by the grand jury before the bill was delivered into court, said ; I am of opinion that the motion should be overruled. I found my opinion on the determination in the case' of the State v. Matthews, in Charleston, in January, 1802. It was resolved by the court in that case, that the part of the indictment here in question was part of the eaption, and might be filled up by the court at any time during the sitting pf the court. •
Motion refused.